FISHER et al. v. BOARD OF LIQUIDATION OF CITY OF NEW
ORLEANS.

(Circuit Court, E. D. Louisiana.  May 29, 1893.)·

No. 12,174.

MUNICIPAL CORPORATIONS—FUNDING OF INDEBTEDNESS—JUDGMENTS.

An owner of a judgment recovered against the board of directors of the
city schools of New Orleans for teachers' salaries accruing between 1872
and 1880 is not entitled to have bonds issued therefor by the board of
liquidation of the city, for by Act La. 1884, No. 67, § 2, and the con-
stitutional amendment of 1890. the only judgments which the latter board
is authorized to fund are judgments against the municipality of New
Orleans.

Application by Mrs. M. M. Fisher and others for a writ of man-
damus to the board of liquidation of the city of New Orleans.  De-
nied.

Louque & McGloin, for relators.
Henry C. Miller, for respondents.

BILLINGS, District Judge.  This case is submitted on an appli-
cation for a mandamus requiring the respondents to issue bonds
under Act No. 74, p. 84, of the Acts of 1880.  That act provides
that the city of New Orleans may issue bonds of the denomination
of five dollars, having 10 years to run from July, 1880, bearing 3
per cent. interest.  Section 3: "Be it further enacted that the said
bonds may be issued to take up the unbonded valid indebtedness
of the said city of New Orleans, and the unpaid salaries of school
teachers, and expense of maintaining the public schools created
since 1872, and prior to January 1, 1880."  The application is based
upon a judgment rendered by this court in favor of the relators
against the respondents, the board of directors of the city schools
of New Orleans, for salaries due Mrs. Fisher, one of the relators,
and others teachers who had assigned their certificates to her.  The
salaries accrued in the years 1874, 1875, and 1876.  Act 74 of the
Acts of 1880 became a law on the 7th of April, three days after the
legislature passed Act 133, p. 180, of the Acts of 1880, to liquidate
the indebtedness of the city of New Orleans, and to apply its assets
to the satisfaction thereof; to create a board of liquidation, pre-
scribe their duties, and to provide for a fiscal agent, and for the
levying of a sufficient tax to pay interest.  This act creates the
board of liquidation, and provides:  Section 1 creates this board
for the purpose of liquidating, reducing, and consolidating the debt
of the city of New Orleans, as hereinafter specified.  Section 3 deals
with what sort of debts may be canceled and taken up by said
bonds, and they are the entire valid debt of the city of New Orleans,
except the floating debt created up to the date of the passage of
this act, whether presented by bonds of various classes or by judg-
ments.  Section 5, that the city shall transfer to it all the prop-
erty, both real and personal, which is to be disposed of by them,
and placed to the credit of the city fund debt.  Section 8 provides

that the surplus arising from the debt and interest tax, or from the sale of assets, shall be used to pay the interest on the bonds which the act authorizes, and, if any balance remains, for the retirement of the bonds themselves. The last section of the act (section 12) provides that all parts of all laws in conflict with that act are repealed. The bonds that were authorized to be issued were 50-year bonds, 4 per cents. In 1890 an amendment to the constitution of the state of Louisiana was proposed by the legislature, which was adopted by the people of the state. That amendment provides that all the funds received by said board of liquidation—that is, the respondents—from the sale of the constitutional bonds shall be used solely and exclusively for retiring by payment all the outstanding valid bonds of the city of New Orleans matured or subject to be called, including the certificates of bonds issued under the fourth section of Act No. 58 of 1882, and including judgments now or hereafter rendered on floating debt claims prior to 1879, entitled to be funded under Act No. 67 of 1884. The second section of Act No. 67 of 1884, which is thus made a part of the constitutional amendment, after specifying the term, denomination, and rate of interest of the bonds to be issued thereunder, made it the duty of the said board to retire and cancel the entire debt of the city of New Orleans, now in the form of executory judgments, and registered under the provisions of Act No. 5 of 1870, and that which hereafter may become merged into executory judgments and likewise registered, contains this provision: That it is the full intent and meaning of this act to apply solely the privileges thereof to executory judgments at present rendered against the city, and to such floating debt or claims against said city for 1878 and previous years, merged, and to be merged, into executory judgments, whether absolute, or rendered against the revenues of any particular year or years previous to the year 1879. It is thus seen that Act No. 74 of 1880 was qualified, and, so far as relates to the relators' claim, rendered nugatory, by Act No. 133 of the same year, above referred to. It is also seen that the amendment to the constitution proposed by joint legislature, Act No. 110, page 144 of the Acts of 1890, confines the authority to pay the floating debt of the city to such as are entitled to be funded under Act No. 67 of 1884, and that this last act (section 2) authorized the payment by the respondents only of judgments against the city that either have been rendered, or that hereafter may be rendered.

It seems to me, without passing upon the other points raised in the case, a sufficient answer to the petition of the relators is that they have no judgment against the city of New Orleans, and it is only judgments against that municipal corporation capable of being registered under Act No. 5 of the Acts of 1870 which, under the existing law, can be dealt with and funded by the board of liquidation.